United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Freddie Davis, Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-20082-Civ-Scola |
| | ) |
| Scotty Rhoden, Sheriff of Baker | ) |
| County, Florida Respondent. | ) |

### **Order Adopting Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On February 26, 2019, Judge Reid issued a report, recommending that Petitioner Freddie Davis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied. (Report of Magistrate, ECF No. 10.) Davis filed objections (Objs., ECF No. 13). Having reviewed de novo those portions of Judge Reid's report to which Davis objects, and having reviewed the remaining parts for clear error, the Court adopts the report and recommendation in its entirety.

Davis challenges the length of his detention while he awaits removal from the United States. (ECF No. 1.) The Government has made efforts to deport Davis to Jamaica, but Davis has been unwilling to cooperate with ICE and the Jamaican authorities to provide biometrics, key identifying information, and information regarding where he would live if deported to Jamaica. (ECF No. 10 at 7-10.) As it is, Davis has at least sixteen aliases. (*Id.* at 1 n.1.) When asked about his birthname, Davis stated, "Only God knows my name." (ECF No. 10 at 17.) When asked with whom he would live if returned to Jamaica, Davis provided the name of Aneita Jones Johnson. (*Id.* at 10.) When asked to confirm Davis's name, Ms. Jones stated, "He is whoever he says his name is." (*Id.*)

When an alien is ordered removed, the Attorney General must remove the alien within 90 days. 8 U.S.C. § 1231(a)(1)A. There are some exceptions to that rule which allow the government to detain aliens for more than 90 days. However, the Supreme Court put a "reasonable" limitation to this extended detention period in *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court held that six-months was a "reasonable period" to hold an individual while the government tries to accomplish his or her repatriation. *Id.* at 701. Therefore, a detainee may be held for 90 days plus six months. If, however, the

detainee is uncooperative and otherwise impedes the government's efforts to remove him, the *Zadvydas* period is tolled. *Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013). Accordingly, Judge Reid correctly concluded that Davis's *Zadvydas* petition is premature as the 6-month period has been tolled due to Davis's conduct. (ECF No. 10 at 17-18.) Judge Reid also dismissed claims two and three, based on violations of substantive and procedural due process, holding that *Zadvydas* provides "all the due process that is due." (*Id.* at 20.) Because his continued detention is a result of his refusal to cooperate with the government, his claims lack merit.

In his objections, Davis disagrees with Judge Reid's factual findings regarding his continued lack of cooperation. (ECF No. 13.) In refuting Judge Reid's factual findings, however, Davis fails to cite to the record to support his claim that he has indeed been cooperating. "Petitioner has offered nothing new to refute these factual findings or the conclusion of the magistrate judge." *Jones v. Daniels*, No. 10-cv-02138, 2012 WL 3853912, at *2 (N.D. Ala. Sept. 5, 2012) (adopting magistrate judge's report and recommendation). After de novo review of Davis's claims, the Court adopts Judge Reid's report and recommendations.

The Court finds Judge Reid's report and recommendation cogent and compelling. The Court therefore **affirms and adopts** Judge Reid's report and recommendation (**ECF No. 10**). The Court **dismisses without prejudice** Davis's *Zadvydas* claim as premature. The Court denies claims one and two in Davis's petition. The Court does not issue a certificate of appealability. The Court directs the Clerk to **close** this case and **deny** any pending motions **as moot**.

**Done and ordered**, at Miami, Florida, on May 29, 2019.

_____
Robert N. Scola, Jr.
United States District Judge